UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22272-Civ-KING/BANDSTRA

DANIEL BOLANOS, on behalf of himself
and all others similarly situated,

    Plaintiff

v.

HIALEAH HOUSING AUTHORITY,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff, Daniel Bolaños ("Plaintiff"), and Defendant, Hialeah Housing Authority ("Defendant"), hereby agree upon this Settlement Agreement and General Release ("Agreement") as a settlement of all issues involved herein as follows:

1. **No Admission of Liability.** The parties hereto recognize and agree that Defendant, as a part of this Agreement between the parties, does not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint in Case No. 10-22272-Civ-KING/BANDSTRA, filed in the United States District Court for the Southern District of Florida (the "Southern District"), or which could have been raised in such suit regarding Plaintiff's employment relationship with Defendant.

2. **Dismissal of Pending Actions.** For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees: (1) to dismiss with prejudice or cause to be dismissed with prejudice Case No. 10-22272-Civ-KING/BANDSTRA, in the Southern District; and (2) not to re-file these causes of action or any other causes of action against Defendant

CASE NO. 10-22272-Civ-KING/BANDSTRA

of the world to the date of these presents; and any and all claims which were actually asserted, or could have logically been asserted by Plaintiff in Case No. 10-22272-Civ-KING/BANDSTRA, accruing through the date of this Agreement; and Plaintiff hereby acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a total resolution of his claim under the FLSA.

5. **Plaintiff Responsibility for Taxes.** Plaintiff assumes full responsibility for Plaintiff's portion of the payment of any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by Defendant to Plaintiff pursuant to Section 6(A) of this Settlement Agreement between the Parties. Further, Plaintiff agrees to indemnify Defendant for any liability that either party incurs as the direct result of Plaintiff's failure to pay any applicable taxes due in connection with the amounts paid under Section 6(B). The prevailing party shall be entitled to recover reasonable costs and expenses, including reasonable attorneys' fees for enforcing this provision up through and including the appellate process.

6. **Payment.** It is further agreed and understood that the consideration in the amount of Forty-Five Thousand Dollars ($45,000.00) will be paid in the following manner:

- (A) $17,500.00, consisting of the total amount of overtime, backpay, unpaid wages, or other unpaid compensation owed to Plaintiff, including for any claims made in Case No. 10-22272-Civ-KING/BANDSTRA, less any applicable deductions or withholding for taxes for which Defendant shall issue the appropriate Form W-2;

- (B) $27,500.00, made payable to FEILER & LEACH, P.L. TRUST ACCOUNT (Tax I.D. 65-1064659), in consideration of that amount in

-3-

> attorneys' fees and costs incurred as counsel for Plaintiff in the above styled action and in negotiating this Agreement for which Defendant shall issue an appropriate Form 1099.

Plaintiff agrees and acknowledges that payment of the sum as set forth above shall constitute effective and sufficient consideration, which receipt Plaintiff hereby acknowledges, for this Agreement. Plaintiff agrees that all necessary Form W-9s to Defendant shall be executed contemporaneously with the execution of this Agreement. Further, Plaintiff agrees that the allocation or distribution of such payment between Plaintiff and Plaintiff's counsel are solely matters between and within the discretion of Plaintiff and Plaintiff's counsel and Defendant shall have no responsibility or liability related thereto. Further, Plaintiff represents and warrants that the above allocation is a fair, accurate, and reasonable allocation among the various claims released by Plaintiff herein.

7. **Non-Disparagement.** Unless required by legal process, Plaintiff agrees that he will not make any disparaging remarks that might have a harmful effect on the reputation of Defendant, whether orally or in writing, about Defendant, including its subsidiaries and/or related entities, its products, services, officers, managers, supervisors and employees, to any persons whatsoever. Defendant likewise agrees that it will make no disparaging remarks about Plaintiff to any persons whatsoever.

8. **Mutual Confidentiality:** This Agreement, and all settlement communications between the Parties (collectively "Confidential Material") shall be kept strictly confidential and shall not be disclosed to any other person or entity not a party to this Agreement. The Agreement may only be disclosed (i) in a proceeding between the Parties to enforce the terms of the Agreement; (ii) to the Parties' attorneys, accountants, auditors, employees with a need to

know, and governmental agencies (e.g. taxing authorities); or (iii) with the express written consent of each of the Parties to this Agreement. The Parties hereto shall cooperate to protect the Confidential Material from disclosure. In the event an order from a court or governmental body requests or requires disclosure of any Confidential Material, the party to this Agreement from whom disclosure is sought shall immediately give written notice to the other party hereto to enable each party to take protective steps as may be appropriate.

In the event either Party should be asked, except as provided herein, about any settlement or the terms of this Agreement, the Parties agree to provide a response limited to one or more of the following sentences, or words of similar effect: "My differences with the [other Party] have now been resolved."

9. **Governing Law**. This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than section 6, as to which all monies paid hereunder must be returned to Defendant if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

10. **Necessary Actions For Dismissal**. Plaintiff and Plaintiff's attorney, FEILER & LEACH, P.L., covenant and agree to execute all papers and do all things necessary to secure a finding by the Court that Defendant has fully complied with all Court orders with respect to Plaintiff and has made Plaintiff whole for all losses Plaintiff may have suffered or alleged to have suffered in Case No. 10-22272-Civ-KING/BANDSTRA and any related cases or charges before the Court or any other administrative agency.

11. **Procedure If Case Not Ultimately Dismissed.** The parties agree that in the event that the Court does not approve the dismissal with prejudice of Case No. 10-22272-Civ-KING/BANDSTRA, all parties will make every effort to comply with the Court orders to achieve dismissal thereof.

12. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement except as otherwise specifically enumerated above.

13. **Important Acknowledgments.** It is further understood and agreed that the sum of Forty-Five Thousand Dollars ($45,000.00) and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord and in accordance with his own judgment and after consultation with his attorney. Plaintiff hereby states that he and his counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact, or representation of any kind or character on the part of Defendant or on the part of Defendant's agents, attorneys, servants, employees, or representatives other than those specifically set out herein. Plaintiff specifically states that the parties jointly prepared this Agreement and that Plaintiff is executing this Agreement knowingly and voluntarily. Plaintiff further agrees that he will not initiate any conversation or communication concerning the terms of this Agreement.

14. **Venue.** The parties hereto acknowledge that this Agreement is enforceable in the Southern District of Florida. Plaintiff and Defendant hereby waive any pleas of jurisdiction or

venue as not being residents of the Southern District of Florida and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the Southern District of Florida.

15. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

16. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

17. **Prevailing Party Fees.** In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs up through and including the appellate process.

18. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

CASE NO. 10-22272-Civ-KING/BANDSTRA

**Agreed and Accepted by:**

**PLAINTIFF:**

___3\11\2011___  
Date

_____  
Daniel Bolaños

**DEFENDANT:** Hialeah Housing Authority

___3/8/11___  
Date

By: _____

9875387.1 (OGLETREE)